No. 32,006

Mrs. A. C. Potter, *Appellant,* v. A. E. Kirk, The Hutchinson Motor Car Company et al., *Appellees.*

(39 P. 2d 914)

Opinion filed January 26, 1935.

*Carr W. Taylor* and *C. M. Williams,* both of Hutchinson, for the appellant.

*A. C. Malloy, Roy C. Davis, Warren H. White* and *Frank S. Hodge,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action to recover the purchase price of an automobile. Judgment was for defendant. Plaintiff appeals.

Plaintiff entered into a contract for the purchase of a new Hudson-eight sedan. On the back of the contract of purchase there was the following warranty:

"The warranty of the Hudson Motor Car Company is that standard warranty of the National Automobile Chamber of Commerce against defective material only, and none other."

When the car was delivered plaintiff drove it from Hutchinson to Colorado Springs and back. The evidence of plaintiff was that on the trip the engine of the car would heat badly and when she turned off the ignition the engine would keep running. The hotter the engine got the longer it would run after she had turned off the ignition. This trouble occurred all the way between Hutchinson and Colorado Springs and return. When plaintiff returned to Hutchinson she advised defendants of the trouble she had experienced and left the car at the garage. Defendants stated that they would make the car run all right. They subsequently delivered the car to her and said it was in perfect condition.

Plaintiff then drove to Florida and back. On this trip she had the same trouble. The clutch would not hold. The engine would get hot. She had to oil the pump shaft about every thirty or sixty miles. At Pensacola she had a new clutch put in. The old clutch

was worn out. Other witnesses testified that shortly after the car was purchased the engine showed coloring where the Ethyl gasoline had leaked out; that there were places where the upholstering was worn; that the car showed wear on the brake levers and other places. The judgment of one witness, who was a mechanic, was that the car had been driven twelve or fifteen thousand miles.

The petition of plaintiff set out the purchase and that defendants represented to plaintiff that it was a new automobile in perfect condition and that plaintiff believed these representations to be true and that later plaintiff discovered the car to be in bad mechanical condition. The petition further alleged that after the return of plaintiff from Florida she informed defendants that the car was not a new one and was not the kind of a car she had contracted to buy. She tendered the car back and demanded of defendants that they supply her with a new and unused car in perfect condition in compliance with the representations made by defendants.

A second cause of action was to recover for money expended for repairs.

The answer was a general denial, but admitted the sale of the car. The answer set out the written warranty which has been heretofore set out in this opinion. It denied the allegations of the petition with reference to the representations and alleged that the entire transaction was covered by the written warranty. The reply was a general denial.

At the trial the court sustained objections to offers of plaintiff to prove what the representations of defendants were at the time of the purchase. The evidence of plaintiff was substantially as it has been detailed here. At the close of plaintiff's evidence the trial court sustained a demurrer to it on the ground that the only warranty by which defendants were bound was the printed one referred to and the evidence did not disclose any breach of that. The theory of defendants is that a Hudson-eight sedan is a well-known article of trade; that plaintiff contracted to buy such an article and such an article was delivered to her and that in such a case there is no implied warranty that the article purchased will answer the purpose for which it is purchased.

We have concluded, however, that the above rule does not apply here. All parties seem agreed that what plaintiff thought she was buying was a new car. As a matter of fact, there is sufficient evidence in the record to warrant the court in submitting the case to

the jury on that question. If that question should be answered in the negative then the rule laid down in *Oliver Farm Equipment Co. v. Rich,* 134 Kan. 23, 4 P. 2d 465, would apply. In that case a tractor was sold under a contract that it would develop certain horsepower, but it would neither develop nor sustain sufficient power to be of value. This court held that the contract of purchase could not be enforced under such circumstances.

Certainly it cannot be said that a dealer could represent that a car was a new one, when as a matter of fact it was not new, and at the same time hold the purchaser to a written warranty that applies only to the sale of new cars.

Defendants insist that the case was tried in the court below solely on the question of whether plaintiff was entitled to prove facts that would show an implied warranty by defendants that the car sold to plaintiff would meet the requirements for which it was purchased and was in perfect mechanical condition and whether the liability of defendants was limited to the written warranty. The circumstances as to plaintiff thinking she was buying a new car were clearly pleaded, and there was ample evidence to warrant the court in submitting the question to the jury.

The judgment of the trial court is reversed with directions to grant plaintiff a new trial.