No. 32,689

MRS. A. C. POTTER, *Appellant*, v. A. E. KIRK and G. M. KIRK, d. b. a. THE HUTCHINSON MOTOR CAR COMPANY, *Appellees.*

(58 P. 2d 1077)

Opinion filed July 3, 1936.

*Carr W. Taylor* and *C. M. Williams,* both of Hutchinson, for the appellant.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action by the purchaser of an automobile to recover the purchase price thereon. Judgment was for defendants. Plaintiff appeals.

This case has been here before. (See *Potter v. Kirk,* 141 Kan. 234, 39 P. 2d 914.) While in the briefs quite a little was said about an implied warranty, and mention of it was made in the former

194

opinion, the pleadings disclose that plaintiff did not predicate her right to recover on an implied warranty except as that question is involved in plaintiff's allegations that defendants in selling the car to her falsely represented it to be a new car when in fact it was a used car.

A demurrer had been sustained to plaintiff's evidence. We thought there was enough evidence to go to the jury on the question whether defendants falsely represented the car to be a new one and reversed it for trial on that issue. It has now been tried on that issue. The jury returned a verdict for defendants, and while the evidence on the question was conflicting it is conceded the verdict had substantial competent evidence to sustain it. Plaintiff has appealed again, and complains that the court did not submit to the jury the question of implied warranty. The answer to this complaint is that in submitting to the jury the question whether the car was falsely represented to be new the court submitted the only question of implied warranty raised by the pleading.

The judgment of the trial court is affirmed.